Well, good morning, your honors, Ashish D'Souza on behalf of the appellant Eddie Silva, I'd like to save Three minutes for rebuttal and I'll keep track of my time. Very well You know at heart what we have here is a quintessential issue of fact The question is what did the employer know here? and What are the factors that we have so? As you know, the district court said well the employer really didn't know that his drivers were working It's non-productive time and every as a result. They didn't have to pay for that Well, so what do we have as far as the facts go? Well, the first thing we have is that we knew that the employer Domino's put together this piece rate compensation plan which by definition results in Productive and non-productive time we know that and I'll get to that in a little bit But we also know that the employer demanded this pre-shift and post-shift work We pointed to this handbook and we also pointed to you know This list that it had for all the things you had to do pre-shift And then the list of things you have to do post-shift. We said that showed that You know their Pre-payment of time was was inadequate. We said that's another factor in our cap to show that Well, but then we come to the issue of well, how does the employer know? What does Domino's know? Well to me here is the quintessential issue of fact Our client Eddie Silva testified that they had driver meetings he and three other guys or four other guys They'd have driver meetings with the manager and they say hey this 15 minutes isn't enough time to get the job done We can't get it done. Well, the response of management was well too bad Domino's pays you 15 minutes for it. You're a pro go get it done. However, you can get it done so We've not only got that we've got Two managers that we pointed out observed our client doing this kind of work We've got three other drivers Who basically come in with me to evidence, right? All three of them say we were drivers We wonder when it the exact same thing that mr. Silva went through so really and at the end I Hate to interrupt your argument, but you're basically repeating what you said in your brief and we've read the briefs Let me just ask you this. Why why haven't you waived the claim? That Domino's compensation scheme is based on an unreasonable estimate by not arguing it in your opening brief That well the S is based on unreasonable that that wasn't the point because The court never got to that issue The court said that whether the estimate is good or bad is is a question of fact and I'm not going to get to that issue The district court never answered that question. That's why we I Respectfully, I understand what you're saying, but I'm saying Did you raise that issue in your opening brief? No nowhere? Okay, isn't that in that aspect? I mean you've got a lot of aspects in this case But isn't that aspect waived that sure we don't need that. Okay, that's not the point The point is is this a question of fact whether the employer knows that its employees in this particular case? Mr. Silva if he is working productive and non-productive work and hasn't taken steps to ensure that Well, we say that it did. This is a good old-fashioned dogfight. We got a lot of good arguments on our side They've got some on their side. This should have gone to a jury This isn't a point where the district court gets to come in there and say well No, you're and and you may very well have that correct and we'll talk to your opponent about that Let me ask you this What's the basis of the district courts jurisdiction in this case? Is there still a cafe jurisdiction when the complaint no longer pleads a class-action claim? Judge Smith, I knew this would come up somehow, right? We have briefed this I understand the court is concerned I was concerned about it at some point as well the question becomes Look, when do you look at jurisdiction at some point? Does the district court have jurisdiction? Yes, it did in this particular case then at some point. Did the court lose? jurisdiction possibly but It held on to it through supplemental jurisdiction It felt it had enough work done in the case the parties put in enough work in this case that it could issue an order Having done all of that it did render supplemental jurisdiction now Here's the good news as a practical matter as as a good news the Ninth Circuit in a unrelated well, not unrelated in a related issue in Carmona versus Domino's of which All the same lawyers that are here before you were over there The court issued a ruling that said that the arbitration agreement in that case Is invalid because of all kinds of reasons So in other words, we're going to get cap of jurisdiction all over again in this case When this case gets remanded one way or the other back to the district court by the interim period In the interim period we argued supplemental jurisdiction. We hope the court buys it If we don't If you don't then no Proton to everything we did is a wash and we all wasted our times for two years That would be very sad Believe me it would it is not my first choice and the irony of all ironies Is then I guess that the district courts order on summary judgment would be vacated because it never had jurisdiction either So then I my clients get a fresh claim So I guess we file back in state court with you know the with the labor code claims now that we have this district court ruling in Carmona versus Domino's and we end up right back to federal court and I guess we Do it all over again, but I certainly hope it doesn't come to that. I'm not saying it will I'm just asking Yeah, no, that is the effect of it. Your honor. You hit the nail right on the head and that's procedurally precisely What would happen? So so if you were us, what would you do? I Would say the district court had supplemental jurisdiction I I'd look at the facts here and say it's a quintessential issue of fact as to whether the employer has knowledge and You got to let mr. Desai have his day in front of a jury So but what you're saying is let's just assume we got jurisdiction in it. We need to go back because there are factual issues Say that again What you're saying is let's just assume the district court had jurisdiction and if the court has that then we you need to go to The jury, right? That's right. That's right. Yeah. Yeah Presupposing that the supplemental jurisdiction argument that we have briefed The Ninth Circuit is willing to buy the Ninth Circuit says no you're wrong on that. The district court never had jurisdiction well, then Then I suppose the court would have to vacate the district courts order even on summary judgment in which case nothing I guess it becomes a Legal novelty a non-protein nothing ever happened. It is exist as if Dorothy, you know Clipped her heels and it was all a dream And anyway, let's assume That we get past that and I I get my appeal here I'd like to go back to the issue You know, I I know I'm repeating certain things that were in the brief But what one of the things I really do want to point out is that the court district court never Commented on that in other words if it would have said we know you have dry and the driver means is a perfect example Okay, our guy said he had a meeting where they talked about this. There were two managers They said we're not gonna pay for it He says look I didn't write it down on my time sheet because why would I I'm not getting paid for it I mean that why am I gonna write it down when he already told me I'm not getting paid for it So those were his explanations in his Deposition transcript, of course the defense took that to say Hey, you falsified your records and if you falsify records, then you know we don't know about it and we could never figure it out and You know We shouldn't be liable for the wage claims You know, look, I'll give you one more point on this which is another issue of why the district court did not comply with the law because There was a burden shifting that happened here in this case, you know under Anderson versus Mount Clemens there were no records of this time of the particular time we're talking about the actual work records of when The wheels were not rolling the non-productive time They claim it was well, it was the drivers that were supposed to keep those records, but you can't do that It's a non delegable duty It's a duty that the employer has and you can't shift on to somebody else And so in Anderson, it said that when you don't have those kind of records, what do you do? But what you do is you provide a very lenient Burden for the employee and in it and in this particular Okay, and what that really means in the real world is that the employees testimony governs it rules and if the employer doesn't have the records to you know to dissuade what the Employees saying well, it's his own fault because he's the one is supposed to keep these records and we know that after the Supreme Court ruled even in Troster versus Starbucks that even small amounts of time The employer is supposed to figure out a way to track that time and in today's world. It's not that hard I'll tell you you can get cell phone apps You can get GPS trackers, which are by the way on every one of these trucks. They already had the GPS tracker So they could if they wanted to pull those records and say hey We know that this stock took this long because the wheels weren't rolling and they started rolling and they could sink all of that up throughout the day they the district court On summer judgment really isn't in entitled to much Deference and I think we have to look at the factual issues de novo here, but on the unpaid wages claim It doesn't seem to me That Silva went Uncompensated in any way whatsoever He never informed Domino's that he was working off the clock and His managers never directed him to work off the clock on that discreet claim why wasn't the District Court absolutely correct in terms of entering summary judgment because it doesn't seem like mr Silva could could possibly adduce any evidence to the jury that would Substantiate that he had unpaid wages Because you there's no requirement that you have to tell your your boss that you're you've worked this time There's no particularly when he tells you they he did tell people The facts of the matter is that he told two of his managers at this employee meeting Hey, I can't get this done in 15 minutes is taking much longer than that three other drivers said yeah, that's right We can't get it done in 15 minutes. He went to his deposition even though they automatically only pay for 30 minutes They're the ones who came up with this argument that well if you if you work more time Then you let us know and and we'll pay you for that. Well, that wasn't a real policy I say that never happened. But what didn't mr. Silva actually get paid on The basis of the extra time and at the $20 rate He did not well, I only paid him this that's not what the record shows if I understand it correctly He that's not true because it was every paper They say that you didn't write down what you don't write down. You don't get paid for it dominoes It's a wink wink nudge nudge. They tell them that we're only gonna pay you a flat rate for all this I'm looking at er 216 to 21 That showed that Occasionally your client occasionally did record additional time with dominoes compensated him for it at an hourly rate of $20 Yeah, that's when the truck was delayed an hour every once in a while When he made the claim he got paid $20 an hour, right? Yeah for the truck being delayed not for pre-shift post-shift for pre-shift post-shift is a completely different argument Okay So what I'm saying the way you believe him or not whether you say oh this guy's a big fat liar You know, he should have reported his time The none of those are requirements to wage an hour law under wage an hour law It's a strict liability statute if you suffer or permit the work Whether you like the driver or not, whether he is sloppy work, whatever it is the wage an hour loss So you have to pay for it and you don't have to ask for it You don't have to tell your employer about it And in this particular case, he tried to tell his employer about it. His employer said you're not getting paid for it So why would he write it down? Your time you don't have much left. You want to save it? I do. Thank you, Your Honor. Okay All right, Mr. Piesto, please Thank you, Your Honor and good morning and may it please the court Your honor judge Smith. I think I think you hit the nail on the head here And in the context of the review of a case on summary judgment, we all recognize it's DeNovo But I would respectfully submit that Judge Selma at the district court level Completely got this right and the reason he got it, right are is several fold First of all is the court itself acknowledged and as seen in the record. The record is replete with evidence that Mr. Silva never complained about off-the-clock work It's replete with evidence that he admitted and understood Domino's his policy It's strict policy prohibiting off-the-clock work He admitted that it was quote-unquote on him that it was his obligation under Domino's his timekeeping policies to accurately record his time and he chose not to do so and that precisely is With respect to the court, I'd submit what those trip sheets are for And we've seen evidence replete throughout the record that Not only mr. Silva But his three declarants, which I'll get to in a second because I'm sure the court has some questions on that But that is three declarants did put in extra downs non-productive downtime and were paid for it Which was directly contrary to their Declarations that were submitted in response to Domino's motion for summary judgment. In fact, I'd point the court to volume 2 ER 220 Which is a specific example of mr. Silva putting in extra downtime at $20 an hour With respect to the very work, which he claims he worked off the clock. That's the login paperwork for pre-chip duties So we know in this case your honors that there's no actual knowledge There's nothing in this record to show Domino's actually knew as he alleges that he or any other drivers Let me let me ask you this counsel I in connection with part of the claim I totally understand but I I did find in the record several things that Suggested to me that as least possibly a jury question about how much Domino's knew And I'm just going in a summary way. First of all was a large amount of work Secondly the amount of time employees actually spent completing the task Silva presented evidence that he and other drivers spent more than 30 minutes completing pre and post-op tasks Next the drivers complained about working off the clock at meetings with Domino's managers Next the managers encouraged the drivers to not record the additional time beyond the 30 minutes There are three drivers that said that and that drivers felt pressure around the DOT's 14-hour rule now I know you disagree with all those things but the reality is these were things that were alleged by Mr. Silva and others why is not that aspect something that would be inappropriate for summary judgment not the whole claim but just that portion Thank you honor and I completely understand the question So in this case I respectfully submit that the district court didn't engage in any weighing or making any credibility determinations And the reason why is several first of all your honor The record does not show with all due respect that any of these declarants quote-unquote complained to anybody What the declarants on only two of the declarants by the way? Mr. Mendoza and mr. Carmona Testified quite artfully that Off the clock work quote-unquote was quote-unquote talked about at these meetings at which unidentified Managers were present. There wasn't any complaint. And the reason why it was written that way was because if you look at er 159 which is page 9 of mr. Silva's testimony. He was directly asked Well, what happened at these meetings? What did you say? and his response was We for a real we Didn't phrase it that way What we said was the way we worded quote-unquote is that we did not have enough time in the day to do everything We needed to do That hardly was a complaint and he testified Repeatedly in response to my questioning that he never complained to anybody and this is important your honor Because the reason why it did not create a genuine issue of tribal facts here And the reason judge Selma found that the proof was not competent Was because each of these drivers declarations as well as mr. Silva's was blatantly contradicted by their own words and by the written on the timesheets where they put it in where they put in the extra time as the judges as your honors have noticed and by the testimony of mr. Silva himself the representative in this paga action and That's important because the teachings of the Supreme Court in Scott v. Harris is That when an opposing party story is blatantly Contradicted by the record so that no reasonable jury could believe it summary judgment is proper and that's exactly the case here I I would say that these affidavits are akin to sham affidavits I know they're not and that wasn't what was ruled upon Mr. Piazza, that's the key to this to this whole question what you just said the standard is whether no reasonable jury could believe it and You know, I'm not sure you know that given all that well judge Smith Summarize some of the evidence on the other side that Reason what there's not enough evidence there for the reason reasonable jury to believe that dominoes the management of dominoes had noticed That The drivers weren't being compensated for the soft time work That that tissue is that didn't didn't dominoes have noticed That's corrected the only issue here judges You know, you're talking about contradictions a lot of testimony the other way but Doesn't mean jury has to believe that doesn't Know your honor, but but I would respectfully submit that under Anderson and under sell attacks and under Scott v. Harris Long-standing precedent here is that the district court sitting on summary judgment has a gatekeeping function here that gatekeeping Function is to ensure that genuine issues of material fact exist or do not and in this particular case Judge Selma and respectfully would submit properly held that the proof was simply not competent. It was speculative it was conclusory and Certainly some of it was inadmissible, but that's not on this appeal But you you certainly can't submit an opposition to summary judgment Testimony that is entirely contradicted by the affian's own words and own documents and that precisely was the case here and Besides that judge Tashima besides that the evidence was incontrovertible. It was undisputed below that Dominoes had the policy. It's PMK. Mr Villalobos testified that all these individuals had to do was put it on their timesheet and they would get paid for it I certainly don't have time to Address what I perceive to be really serious mischaracterizations of the record here But I will make the point contrary to what my adversary has said there was at no time Did mr. Silva testify there's not a single document in this record that mr. Sessa that mr. Silva testified That he was told all he's getting is 15 minutes not one and there's not a single bit of testimony not one snippet That mr. Silva testified he specifically told managers he was working off the clock not one It's just a complete misfire mischaracterization of the record change the Direction with you brief briefly on on one issue mr. P a scope the The claim that that mr. Silva made regarding the Provision of Wage slips and other documentation Seems to be There there seems to be some merit to the proposition that Wage slips and other documentation should be provided to employees in an integrated fashion here Dominoes had a and I know there's case law which says more than one Decided the case law which says more than one document can satisfy California Code section 226 a but it seems to me what you've got here is a situation in which Dominoes provided a wage slip as well as other Information that the employee would have to go access on their own online And that would seem to make a prima facie Allegation of a violation of 226 What is it here? That wouldn't allow Mr. Silva to get that claim to the jury Thank You judge Murphy, I think the answer to that is pretty straightforward judge first of all both the pay stub and The driver detail report which gets gives you the granular details of the non-productive time Available electronically on the same web page simultaneously at the same time. Mr Silva admitted that he elected at that position judge Murphy that he elected for online access and direct deposit so those documents were simultaneously provided and Those documents as we addressed in our brief contain all these information that section two to six a Requires those nine categories and as we referenced and I'm sure we'll get there But as we referenced in our brief and we cited the Durham case as well as the Morgan versus United retail case Where the documents Show the total hours here, which they do and all the plaintiff all mr Silva had to do is just add two weekly numbers literally weekly numbers a plus B That is sufficient to satisfy two to six a and he did not have to go to any extrinsic and Extrinsic documents in order to figure out whether he his hours were correct. They were all right there federal or California Appellate authority for that proposition. Yes, the case is Morgan versus United retail 181 Cal app 4th 1136 And I'm sure your honors are familiar with the Rindman versus Sears decision in which the court gives due respect to an appellate court Decision unless it in its view is convinced the California Supreme Court would rule otherwise and I and I would submit that it would not in this case Do you make the same argument that you did to my colleague? With respect to the gross wages paid. Are you saying they just needed to add those together and that would be enough? I'm sorry judge. I'm not following. No you what if I understood you correctly you're saying That even though the paste up broke these down. All I needed to do is add them together and see the total I also didn't see a that there was gross wages paid for the comparable rest and recovery periods Are you saying that just as you did with respect to the total hours? But all he had to do was to add up the information and two different sources and that would take care of it But I don't believe that two to six a requires a breakdown between The gross wages paid for non-productive work and the total gross wages paid. Otherwise in this case your honor These are drivers commercial drivers exempt under the Motor Carrier Act They don't have regular or overtime hours here on a piece rate system So I don't think that that really comes into play judge But this I'm sorry, my question was with respect to gross wages paid and that would of course apply So in other words, it seems like There's this the gross wages paid was not on some particular form You would have to go to more than one to get that. Is that correct? No, your honor in fact, I'll point you to er 737 which is a Exemplar of a paste up if your honor looks at the bottom at the middle of the page under total It does show the total gross wages under earnings. Got it. So that that number is in fact there Okay, let me ask you one other question, which I did your your opposing counsel and that has to do with jurisdiction in this particular case My question is is there still Kappa jurisdiction when the complaint no longer pleads a class action claim? I Think the answer to that is an unequivocal. Yes, your honor. I would say to court the Lopez versus Wendy's 518 FedEx 580 which is the 9th Circuit third 2013 decision in which the court clearly held that post filing developments after original jurisdiction is invoked Do not divest the court of subject matter jurisdiction as well as Ellison versus autism Similarly a Catholic case in which all where all the class claims were dismissed this court held that the lower court still retained subject matter jurisdiction Even when it's a voluntary dismissal of change of the class action I think that that's correct. And and that's exactly what happened in the Archila case versus KFC 420 Fed Apex 667 where the Class claims were dismissed voluntarily dismissed The court held similar here and all that was there in that case judge was a pocket claim Just like here the court held it was proper for the district court to retain Jurisdiction under six 1367 a three which which as we cite in our brief under the US Supreme Court's case Carlsberg tech We all know that the Supreme Court has said that it's a purely discretionary It's purely discretionary on the district courts part whether to retain Jurisdiction. Okay, any other questions of Mr. Piesko by my colleagues No, okay. Thank you. Mr. Piesko. Mr. Desai you don't have much time left, but you have what you have you can use it as you wish Just a couple of points opposing counsel says that our client never complained to anyone There's no legal requirement to complain to anyone for a wage and hour violation He also makes a big deal about how the drivers including my client did not keep accurate records We'd like to say that it is in fact the employers burden to maintain accurate time records not the other way around It's a non-delegable duty You can't just write in a manual that the employee has to keep track of time and then that that gets rid of your obligation It's a non-delegable duty by statute He also they also talk a lot about relying upon these time sheets. Well the time sheets they knew were unreliable In fact their own guy says I don't really believe it as to the pay stubs 226.2 does create an obligation for non-productive time. I thank you unless you have any further questions Do either of my colleagues have additional questions for mr. Desai Nope, very well. Thank you both gentlemen for your argument The case just argued Silva versus Domino's Pizza is submitted and wish you gentlemen a good day Thank you your honors
judges: TASHIMA, SMITH, Murphy